# IN THE COURT OF APPEALS OF IOWA

No. 21-0598
Filed June 30, 2021

**IN THE INTEREST OF A.S., A.S. and D.S.,**
**Minor Children,**

**D.S., Father,**
        Appellant,

_____

Appeal from the Iowa District Court for Sioux County, Daniel P. Vakulskas, District Associate Judge.

A father appeals the juvenile court's order regarding permanency review and removal. **AFFIRMED.**

Jared Weber, Orange City, for appellant father.

Thomas J. Miller, Attorney General and Mary A. Triick, Assistant Attorney General, for appellee State.

Kelsey Bauerly Langel of Bauerly & Langel, P.L.C., Le Mars, attorney and guardian ad litem for minor children.

Considered by Doyle, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

A father appeals the juvenile court's order regarding permanency review and removal, alleging the district court erred in (1) not forcing a child to appear in violation of Iowa Code section 232.91 (2020) and (2) finding clear and convincing evidence of imminent harm leading to removal. "We generally review [child-in-need-of-assistance] proceedings and termination of parental rights proceedings de novo." *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014).

Petitions on appeal must "substantially comply with form 5 in rule 6.1401." Iowa R. App. P. 6.201(1)(d). Rule 6.1401–Form 5 specifically directs the petition on appeal to "include supporting legal authority for each issue raised, including authority contrary to [the] case, if known." *Accord* Iowa R. App. P. 6.903(2)(g)(3) (requiring arguments in briefs to contain reasoning, citations to authorities, and references to pertinent parts of the record). The petition on appeal raises two issues, and each issue cites one code section the father alleges was violated. The father cites no case law or other legal authority. In the course of the "findings of fact or conclusions of law with which you disagree" sections of his petition he cites to no supporting legal authority for any part of his arguments.

On the first issue, he complains the children were not forced to appear in violation of Iowa Code section 232.91. His argument focuses on *his right* under section 232.91 to have them appear. He cites no authority in support of his apparent claim that section affords him such a right. Thus, he has waived that issue. *See* Iowa Rs. App. P. 6.201(1)(d), .903(2)(g)(3), .1401–Form 5.

On the second issue, other than the bare citation to section 232.95, he cites no legal authority in support of the arguments he asserts concerning burden of

proof or imminent risk of physical harm.[1]  We find the father has waived this issue

as well.  *See* Iowa R. App. P. 6.201(1)(d), .903(2)(g)(3), .1401–Form 5.

We affirm.

**AFFIRMED.**

---

[1] In comparison, the State's response to the petition cites case law and statutes in support of its response.